UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:06-CR-21 |
| | ) | (PHILLIPS/GUYTON) |
| TERRY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court for consideration of the defendant's Motion to Continue the Trial Date and File Further Motions [Doc. 29], filed on January 8, 2007, and heard on January 25, 2007. Assistant United States Attorney Steven Cook was present, representing the government. Richard Gaines was present, representing the defendant, Terry Jones ("Jones"), who was also present.

In his motion [Doc. 29] Jones asks the Court to extend the motion response deadline, and continue the trial date. In support of his motion, Jones argues a continuance is necessary to allow an evidentiary hearing on matters raised in his Motion to Suppress Evidence [Doc. 30]. Additionally, the defendant argues the Motion to Suppress should be allowed to be late-filed because preparation for this trial has been exceedingly difficult and recent legal research has uncovered evidentiary issues. The government did not file a response to the defendant's motion. At oral argument, the government asserted it had no objection to a continuance of the trial and allowing the

Motion to Suppress Evidence to be late-filed.  Due to the gravity of the case, a potential life sentence, and the recent discovery of new issues, notwithstanding the exercise of due diligence, the Court **GRANTS** the Motion to File Further Motion s [Doc. 29].  Accordingly, the defendant's Motion to Suppress Evidence [Doc. 30] is permissibly late-filed.  The government may file its response to the defendant's Motion to Suppress Evidence by February 8, 2007.

As the Court finds the defendant's Motion To Continue [Doc. 29] well taken, it is also **GRANTED**.  The trial of this case was set for January 30, 2007.  As asserted by the parties at the hearing, justice demands that the issues raised in the defendant's Motion to Suppress Evidence be resolved prior to the trial of the case and that more time is needed, making it unreasonable to expect preparation for trial to occur within the time limits set by the Speedy Trial Act.  Counsel for all parties agreed and the Court finds the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).  The Court finds that it would not be reasonable to expect the defendant to effectively prepare for trial within the time limits given by the Speedy Trial Act, even taking into account counsel's due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  The Court also finds that the failure to grant a continuance in this case would result in a miscarriage of justice.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  In light of these findings and its granting of the motion, the Court set a new trial date of **May 15, 2007, at 9:00 a.m.**  The Court further finds that the period of time between the prior trial date of January 30, 2007, and the new trial date of May 15, 2007, shall be fully excludable as provided by the Speedy Trial Act.  18 U.S.C. 3161(h)(8)(A)-(B).

Accordingly it is **ORDERED:**

1. Reciprocal discovery is due on or before **January 30, 2007**;

2.  The defendant's Motion to Continue the Trial Date and File Further Motions [Doc. 29] is **GRANTED**, allowing the Defendant's Motion to Suppress Evidence [Doc. 30] to be late-filed;

3.  The government's response to the defendant's Motion to Suppress Evidence [Doc. 30] is due **February 8, 2007**;

4.  An evidentiary hearing on the defendant's Motion to Suppress Evidence is scheduled for **February 23, 2007 at 10:30 a.m.** before this Court;

5.  Post-hearing briefs regarding the evidentiary hearing are due **March 9, 2007**;

6.  A pretrial conference is scheduled for **May 3, 2007 at 9:30 a.m.** before this Court;

7.  The trial of this matter is reset to commence on **May 15, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge; and

8.  All time between January 30, 2007, and the new trial date of May 15, 2007, shall be fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

                **ENTER:**

                    s/ H. Bruce Guyton
               United States Magistrate Judge