UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
v.                              )        No: 3:06-CR-21
                                )        (PHILLIPS/GUYTON)
TERRY JONES,                    )
                                )
                Defendant.      )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and by the Order [Doc. 60] of the Honorable Thomas W. Phillips, United States District Judge, for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Defendant's Motion for Pretrial Hearing to Determine Admissibility of Expert Testimony and Motion in Limine with Regards to Such Testimony [Doc. 59] is presently pending before this Court.

Defendant filed his motion on June 14, 2007. [Doc. 59]. Defendant moves for a pretrial hearing to assess the qualifications of an expert and to determine whether the expert testimony is admissible. In support of his motion, Defendant argues that the Notice given by the government regarding expert witnesses is insufficient to establish whether the purported expert witness is also a fact witness. Defendant argued that the government may be improperly attempting to qualify a witness as an expert to bolster the witness's credibility.

The government responded to Defendant's motion on June 18, 2007 [Doc. 61]. It argues that the motion should be denied and that no hearing is needed. In support thereof, the

government noted that it filed formal Notice of expert testimony on June 7, 2007, and the Notice was sufficient under Federal Rule of Criminal Procedure 16(a)(1)(G). Additionally, the government noted that the Sixth Circuit has long held that an expert may be utilized to testify on narcotics' pricing and whether quantities possessed are consistent with distribution or personal use. Accordingly, the government asserted that Defendant's motion should be denied and that a pretrial hearing is unnecessary.

On June 20, 2007, the parties convened before this Court for a pretrial conference. Assistant United States Attorney Steven Cook was present representing the government. Attorneys Richard Gaines and Ben Houston were present representing the defendant, who was also present. Defendant's motion [Doc. 59] was argued. As noted in the Court's previous Order [Doc. 64], this motion resulted in a continuance of the trial date to allow the Court to determine whether a pretrial hearing is merited, the government has satisfied its obligations under Federal Rule of Criminal Procedure 16, the expert qualifies as such, and whether the expert's testimony should be prohibited from admission.

This Court has thoroughly considered the parties' pleadings and their arguments at the hearing. A court is not obligated to hold a hearing, although it must assess both the relevancy and reliability of expert testimony. Clay v. Ford Motor Co., 215 F.3d 663, 667 (6th Cir. 2000) (citing to Greenwell v. Boatright, 184 F.3d 492, 498 (6th Cir. 1999)). The Court does not find that a pretrial hearing would be helpful on this matter. Accordingly, Defendant's motion is **DENIED as to his request for a pretrial hearing**.

Defendant argues that the government has not satisfied its obligations under Federal Rule of Criminal Procedure 16. Federal Rule of Criminal Procedure 16, in relevant part, provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, or during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16 (A)(1)(G). Rule 16 does not require the government to disclose the purported expert's name or provide a curriculum vitae. While logic dictates that such information would be useful to Defendant, the rules do not require that the government disclose this information. Instead, the government must provide a summary which describes the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications. The government's Notice states that the expert witness has been a law enforcement officer for over fifteen years and has received specialized training in drug investigation. [See Doc. 57, pp. 2, 3]. Additionally, the officer has performed dozens of local, state, and federal investigations involving narcotics. The Notice further states that the officer has kept himself abreast of drug enforcement efforts, case development, investigative techniques, and other standardized methods of investigation. This satisfies Rule 16's requirements regarding the witness's qualifications and his bases for his opinion.

As to the witness's opinion, the government's Notice states that he will describe the operation of a cocaine hydrochloride/base distribution chain, including how it is manufactured, possessed, distributed, used, and the value of the controlled substances. The Notice specifically states, "he will testify that the value of cocaine powder at the street level is approximately $100 per gram," and what amounts of cocaine base are consistent with distribution quantities as opposed to those kept for personal use. Based upon the government's Notice, the Court finds that the government has satisfied the requirements of Rule 16.

The crux of Defendant's motion is (1) whether the government's expert qualifies as an expert on the pricing of narcotics and what quantities constitute personal use versus distribution amounts, and (2) whether this testimony is relevant and will assist the jury in determining a fact issue.

To be admissible, expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 589 (1993). This standard is applicable to law enforcement agents testifying regarding drug trafficking. United States v. Harrison, 192 F.3d 580, 588-89 (6th Cir. 1999). Law enforcement testimony regarding drug operation methodology, pricing, and quantities assists the jury because such information is usually not within the experience of the average juror. United States v. Lopez-Medina, 461 F.3d 724, 742 (6th Cir. 2006) (citing to United States v. Thomas, 74 F.3d 676, 682 (6th Cir. 1996), abrogated on other grounds by General Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997)). Therefore, expert testimony regarding drug trafficking is relevant when the counts alleged include drug distribution.

As to whether an expert qualifies as such, an expert may have "obvious qualifications." Lopez-Medina, 461 F.3d at 743 (holding that two officers had obvious qualifications as expert witnesses when one had seventeen years of experience, and the other had six years); United States v. Anderson, 89 F.3d 1306, 1312 (6th Cir. 1996) (finding that a law enforcement officer with nine years of experience is qualified to give expert testimony). As long as an expert's testimony meets the requirements for relevancy and reliability, the expert's testimony may be admitted.

Upon review of the record, the Court finds that the officer proffered by the government as an expert qualifies as an expert regarding drug trafficking methodology, pricing, and

possession quantities. The officer has over fifteen years of experience as a law enforcement officer. He has received specialized training and kept himself abreast of investigative techniques. Accordingly, the Court finds that the officer's testimony is reliable and that he qualifies as an expert regarding drug trafficking methodology, pricing, and whether quantities possessed suffice as personal use or distribution quantities. Additionally, the Court finds that the officer's testimony is relevant and will assist the jury in determining a fact issue because the counts alleged include narcotics distribution. [See Doc. 40]. As such, Defendant's motion to establish whether the expert qualifies as an expert is **GRANTED**. The expert qualifies as an expert, and his testimony is found to be helpful to the trier of fact.[1] Accordingly, Defendant's motion in limine regarding the expert's testimony is **DENIED**. Of course, Defendant's right to object to the expert's testimony on other grounds at the trial remains intact.

---

[1]The Court reminds both parties of the requirements established in Lopez-Medina. If the government's expert is also a fact witness, then there must be a clear demarcation between which part of the witness's testimony is as to facts and which part is expert testimony. Id. at 745.

Accordingly it is **ORDERED** that Defendant's Motion for Pretrial Hearing to Determine Admissibility of Expert Testimony and Motion in Limine with Regards to Such Testimony [**Doc. 59**] is **DENIED** as to a motion for a pretrial hearing, **GRANTED** as to a determination of the admissibility of expert testimony, and **DENIED** as to the motion in limine regarding such testimony.

**IT IS SO ORDERED.**

**ENTER:**


_____s/ H. Bruce Guyton_____
United States Magistrate Judge